Good morning, your honors, and may it please the court. My name is Krista Nesci, and I am here on behalf of Anthony Jimenez. I would like to reserve three minutes of my time for rebuttal. The district court erred by granting the deputies motions for full satisfaction when, in fact, the joint and several fee award previously affirmed by this court has not been satisfied. In the absence of guiding authority, the court accepted the deputies' argument that the PLRA may be asserted anew at the time of enforcement. For three reasons, we respectfully request this court reverse the orders granting full satisfaction. First, the deputies waived any argument the fee cap applies to defendants individually when they failed to raise it in 2007 when the district court initially considered whether to apportion fees among the defendants or issue a joint and several award. Second, the plain language of the statute authorizes enforcement of a joint and several fee award calculated from the total judgment in the action. Third, as Chief Justice Roberts explained in Jones v. Bach, two purposes of the PLRA are to filter out the bad claims and to facilitate consideration of good claims. Enforcing the fee award as issued promotes consideration of good claims and implements congressional intent. Denying enforcement of the award will have a chilling effect because it will discourage future counsel from representing plaintiffs with meritorious claims. Can I ask you a threshold question that I was puzzling over? There's a single judgment, I guess, there's a single page judgment that was filed. Are we looking at one judgment in this case or at four judgments? Your Honor, there is one judgment, docket number, docket entry 333, with four assessments of liability of damages, one for each individual defendant. But, yes, it is one piece of paper in the one action. And so for purposes of looking at 1997E, do we interpret this as being a judgment or as four separate judgments? Well, to the extent that an action can have only one judgment, the judgment in the action is the cumulative total of the damages assessments against the four individual defendants. And either way, where there is a joint and several fee award, the statute on its face does not, I don't know that it really matters because on the plain language it permits enforcement based on the damages in the action. Jumping to my second point first, the fees are permissible under 1997E whenever a monetary judgment is awarded in an action. The entire statute speaks in terms of the action. Was this a single action? I was a little confused because normally when you have a joint and several liability, and the judgment wasn't jointly and severally liable, it was the attorney's fees that were joint and several, right? And normally you assign that when the defendants have joint tort fees where they're all liable for whatever the injury was. But that wasn't the case in this action, is that right? They were separate torts? There were three. Mr. Jimenez, yes, the underlying damages assessment by the jury verdict was against the deputies individually. On the three claims that Mr. Jimenez brought, the — did I answer your question? So it wouldn't have been appropriate to make those defendants jointly and severally liable under standard tort principles, right? The jury did not so find, Your Honor. But when Judge Walsh was considering whether to make the fee award joint and several, he explicitly considered the fairness to the defendants. They argued that in their brief and extensively argued it under Section D-1, which talks about whether the fee has necessarily been earned in connection with proving each violation of the action. But would that be correct, to make three separate defendants who weren't involved in the same tort jointly liable for attorney's fees? What would be the basis for doing that? In the — are you asking about the fee award or the individual damages? The fee award. That's what we're looking at, right? Yes, Your Honor, that is what we're looking at. Judge Walsh, in 2007, when he was closest to the facts, made a determination that it was appropriate to issue a joint and several fee award. That fee award was appealed to this Court and affirmed. And additionally, the deputies submitted a petition for rehearing en banc and not one judge voted for a rehearing. So to the extent that the issue is before the Court today, what we have is a joint and several fee award. So you're saying whether it was correct or incorrect, it doesn't matter because that issue is no longer before us. It's not live. That's correct, Your Honor. That issue has already been decided. Accepting that answer, which may well be correct, if we decide we have to deal with the issue, let me pose a somewhat hypothetical case, which is that Franklin is the only defendant. There's a nominal $1 award against him. Could the fee award be supported by the $1 award of nominal damages? In a single defendant case? Single defendant case. In the single defendant cases, Your Honor, the cases say that as a single defendant, he may not be held liable for more than $1.50. But those are not the facts here. I changed the facts, but that poses the question, because you talk about the purpose of the statute. It poses the question, if an individual defendant is held liable for only $1, is it consistent with the purpose of the statute to hold him liable for so much more in attorney's fees? The purpose of the statute, while it was to filter out frivolous claims, the frivolous claims, the other single-dollar cases that are cited by the deputies are distinguishable because they do not involve the substantive violation of civil rights that occurred in this action. Actually, let's leave the prison context for a second. In a regular 1983 action, $1 of nominal damages, could that support a half-million-dollar attorney fee award? Without the PLRA fee cap, my understanding is that, yes, it could. So your point is that the fee cap installed by the PLRA is not intended to limit the kind of fee award you can get from a 1983 action. I'm trying to filter out in some fashion what it is that the prison statute is supposed to do in this context. The prison statute is meant to reduce frivolous lawsuits. This was not a frivolous lawsuit. This was, as Judge Walsh mentioned, a significant victory and resulted in an exceptional jury verdict. And under these facts, it is inappropriate to deny Mr. Jimenez a fully compensatory fee. The Supreme Court said that when you have a successful civil rights plaintiff, they are entitled, I believe it's Hensley, to a fully compensatory fee. So if it's a question of balancing the equities, which then the equities need to fall on the side of the successful civil rights plaintiff and not the defendants who were determined to be liable for his injuries. And let us not forget here that it's the county that has directed this litigation all along. It was the county that directed the defense. It was the county that directed the defense on the prior appeal. And it is the county that has paid every single penny of damages and attorney's fees. And that's why the joint and several award presumably that the court found. But let me ask you this. Let me give you another hypothetical. Say that there was only, instead of the four assessments, as you called them, in the judgment, what if there had been only one defendant and the assessment had been for that full amount? If there was one defendant and $365,000. Then under the statute, would there be any problem with the fee award? Not at all, because the cumulative fee award between the 2007 district court and this court's 2010 fee award, the cumulative total is exactly 150% of the judgment in the action. And that is perfectly within the balance of the statute. And the statute on its face, that last word, defendants, defendant, as it's written in the statute, 1 U.S.C. 1 guides us that that word must necessarily include the plural. So on its face, the statute permits that the excess fee shall be paid by the defendants. Let me just shift gears for a moment and ask one question from another perspective. If we said there were four different judgments, and so under the statute, none of them had any obligation to pay more than 150% of their specific assessment, obviously the district court's original order was otherwise. And then the district court corrected the judgment and found that the individual defendants had satisfied it. What would be, is there a legal basis for the district court to correct its mistake or to take that action? No, Your Honor, there was no legal basis for Judge Walsh to amend the judgment or amend the fee award at the time of satisfaction. The deputies moved under California Civil Code of Procedures 724.050, and that is simply to request an order of satisfaction where the judgment has, in fact, been satisfied. And the California statutes and the case law say that you can't look behind the judgment. All you can do is make that mathematical determination of have all the dollars been paid. What about under Rules 60b-5 or 60b-6? The district court said something to the effect of, look, if I make an order, I can correct it afterwards. It's like physics. But the time for those motions had elapsed long before. So the orders for full satisfaction, the motions for full satisfaction were brought to the court. Is there a limit for a Rule 60b-6 type motion or 60b-5? My recollection is that it's at the outside a year. And as the Ninth Circuit has said in Boundary County, at some point there has to be an end for litigation. That order had already gone up on appeal and been affirmed by this Court. So to, after the fact that it's been affirmed, permit the district court to change the order that undermines the purposes of finality of litigation, which is equally an important issue for our judicial system, is the ability to say it is final and move forward. I see that I have just a couple moments left. I would like to reserve a little bit of time for rebuttal. Okay. Good morning, Your Honor. May it please the Court, Scott Davenport for the defendants and appellees. In passing the PLRA, Congress included that in the wake of all these prisoner lawsuits, that some reforms needed to be implemented. One of them was this 150 percent fee cap. The issue in this case is whether the district court can trump the PLRA under common law notions of joint and several liability. And it's our position that that's not something that cannot be done. But wasn't that an issue that was ripe at the time of the previous appeal? We had a judgment that provided for joint and several liability. Ninth Circuit affirmed. I think the issue of whether or not joint and several liability can be imposed is one thing. The question is whether or not there's an obligation to pay this judgment. And I know that the Court's visceral thought when it first heard this was that we were splitting hairs. But it really is two different things here. The statute speaks in terms of satisfying the judgment. There's nothing wrong with the attorney fee award. Suppose you had, let's leave out attorney's fees, suppose you had a tort judgment that's provided to be joint and several. It goes up on appeal. The Court of Appeals affirms. It goes back. How can you raise the joint and several issue in the context of satisfying the judgment if the Court of Appeals already addressed that and said it's appropriate? Well, I think the difference in that case, Your Honor, is that there's an ‑‑ the statute speaks to an obligation to pay. There's nothing wrong with the judgment that was affirmed. The Court had the ability to make it joint and several. The Court had the ability to make it individual. Oh, you contend that it didn't because you contend that they didn't have the power to make it joint and several to exceed the 150 percent cap. No, I'm saying it's irrelevant. I think that just as counsel said, whether the imposition of joint and several was correct or incorrect, it didn't matter because it was waived. It's our position that it doesn't matter because it wasn't ripe yet. Why wasn't it ripe as part of the judgment? Well, what had not happened yet is the county had not made a determination that it wasn't going to reimburse one of the officers for punitive damages. Why should that matter to the court? They've got a judgment that says joint and several. The fact that a party hasn't decided yet whether it's going to fight that doesn't mean that in a different context it would be able to wait to fight it. The example I gave before outside of the context of attorney's fees, the tort judgment, joint and several. The party decided, we haven't decided yet whether I'm going to cover somebody else, so I'm not going to bother to appeal until now. Can they lay back and wait until the actual collection of the judgment to raise this joint and several issue? I think we're looking at this thing in two different ways. Yeah, we are because I can't figure out how it is this issue comes up for a second appeal when the issue was entirely on the table the first time around. Well, what had not happened at that time is the county had not made a decision. Why does that matter to the court and to the terms of the judgment? The judgment says joint and several. Why does anybody care whether the county has decided whether to resist it or not? The judgment says joint and several. Uh-huh. And why couldn't that have been appealed at that time? The cap applies after that fact. I don't understand what that means. It was perfectly clear that the cap would have prevented collection of more when the joint and several judgment was entered, if the cap applied in the way you argue that it should. But at that point there was no reason to believe that this argument would even be appropriate before the court. Your Honor, I guess the point. I don't understand that. If the judgment says joint and several, why wouldn't the argument have been appropriate? There had not been a determination that there was not going to be a payment. You know, the way this works is the county has a discretion to whether or not to reimburse punitive damages. And if we had brought an appeal at that point that said we don't know what the county is going to do, but we would like to try to limit liability to a judgment which is facially fine to appeal with it. Why can't you say, why couldn't you have said it's not appropriate for this attorney's fee award to be joint and several? It should be several only because it's individual defendants. And then the county could still have decided which of those four it was going to reimburse. But that would have been the point, to challenge an erroneous ruling for the attorney's fees, right? If it were truly erroneous, that would be one point, yes. But again, it's... But then you're bound. Once the order is issued and the court has gone up on appeal and been affirmed, to say that the district court ordered in making the attorney fee award joint and several now, I don't understand that either. What's going on with Judge Clifton? Well, again, Your Honor, I never said they erred by making it joint and several. And because you didn't, you may have waived the argument. That's the problem, isn't it? Wasn't it on the table? No, it's our position that it wasn't. I think if we would have asked at that time, Your Honor, you would have said this is an advisory opinion, this is not before us, we don't know whether or not the county is going to pay. If they're not going to pay, we're talking about things that although they might be likely, they haven't occurred yet, and they're just simply not before this court. So you're not arguing that it was wrong for the district court to make the award of attorney's fees joint and several. Is that correct? That's absolutely right. You're not. So if it was a single judgment, and it does seem to be a single judgment, why does the 1997E not say that the award was perfectly okay and the county therefore must pay it? It erred in saying that individuals could be relieved of their obligation, their joint and several obligation, to pay the full amount of the attorney fees award. Are you talking about whether or not we look at the individual aspects of the judgment as composed as It's a single judgment, and 1997E refers to what the judgment can be, and the award of attorney's fees here was not greater than 150% of the judgment. So what's wrong with it? Well, I think we're talking about vis-à-vis any individual defendant. That's not what the statute says. It refers only to a monetary judgment. This is an unusual situation, the way the judgment was written up, but there were three completely unrelated incidents that happened that happened to be cobbled together into a single case. But you didn't have three different judgments. I mean, the rules of civil procedure say each judgment has to be on a separate document. There was only one that I saw here. So you didn't get the three judgments. You only had one. That's right. And 1997E refers only to the judgment. Yes, it does. But we're talking about an individual litigant's obligation to pay. I don't see that in the statute. That's in D2. Where does it say individual litigant's obligation to pay? D2 talks about if an award of attorney's fees is not greater than 150% of the judgment, the excess shall be paid by the defendant. Right. And so here the award of attorney's fees is not greater than 150% of the judgment. So it meets that condition, right? Yeah. I don't believe it was Congress's intent, as in this case, where Franklin has $1 of compensatory damages and nothing at all in punitive damages. To be on the hook for $545,000 in attorney's fees. That would have been challenging the attorney's fees award. That would have been a reason to say that the joint and several liability in the attorney's fees award was incorrect. If it were right. For Mr. Franklin, it's surely right. I mean, the county is not on the hook directly. He's on the hook. So why wouldn't it have been right for him at the time of the prior appeal? He may not need to pay if the county is going to take care of it, but it's certainly right for him. He's the one who's liable. Why didn't he bring his motion prior to the first appeal? I mean, you're technically representing individual defendants. I don't know what the county's decision to pay has anything to do with their liability. They are liable as of the time of that judgment, Mr. Franklin, for $1 and jointly and severally for the whole award of attorney's fees. Why isn't that right at that moment? Again, because at that moment, there's no indication that these other events are ever going to come to fruition. The other events are somebody else bailing him out by paying for it. The liability is his. It is clearly established at that moment he's liable for $1 plus jointly and severally all the attorney fee award. What's not, as a legal proposition, right as of the time of the prior appeal, as of the time of the entry of the judgment and the attorney fee award? You're right. I've given you my response. I know you don't – it's not something that you want to hear, but it's what I have to say here today. Okay. And I don't want to belabor that point, but I think – And I appreciate that. But the problem is the county's decision, I don't see how that has any effect on the rightness. And if that's all you have to say to it, then that's all you have to say to it. Well, again, I think, as in many cases, the outcome you get depends on the question that you ask and how it's teed up. Well, what question do you want me to ask? Whether or not all the predicate acts had taken place to make this issue right for review. Okay, I'll ask that question. What predicate act hadn't happened to make the issue right for review? Do you have any different answer than the fact the county hadn't decided whether to pay? It's the same answer. You're not satisfied by it. So be it. Thank you, Your Honor. Let me just summarize here briefly. What we have in this case is a situation where Congress saw the need to take some action. And I don't believe that there was anything wrong with the district court's order. The district court, when he reviewed it on the motion for satisfaction, said, you know, I believe I made a mistake. What's the legal basis for the district court to correct that mistake at that point in time? You asked about Rule 59, Rule 60. Rule 59 does have a one-year limit. Rule 60 can be corrected at any time. But, again, it's our position that it's not something that you can do. Are you relying on Rule 60B? And if so, which of the six prongs? I'm not, Your Honor, because I don't believe that that's what was done in this case or what was necessary to be done. We believe — You don't think the district court was correcting an error? I believe that — Because you don't think there was an error in the first place, you've told me. That's right. So what do you think the district court was doing? The district court was trying to comply with a PLRA, which it felt Trump preempted state common law notions of joint and several liability. Well, it was its own order, right? That's right. So there was an order that made the attorney's fees award jointly and severally liable. And then, notwithstanding that order, the district court said, I will give you an order of full satisfaction even though you haven't paid the whole amount. So it was clearly inconsistent with its prior order. So I'm trying to understand what the legal basis was for the district court to do that. I think the court recognized at that point that what it intended to do by making it jointly and severally liable is to maximize the plaintiff's opportunity to be able to recover attorney's fees. And then when it reconciled that with the express intent of the PLRA, which doesn't care about whether or not plaintiffs are fully satisfied, and we've got plenty of civil rights statutes that talk about that and have that intent, the PLRA is different. And it says, no, no, it's our intent to cap fees at 150 percent. And the court said, well, you know, I had wanted to do that. It doesn't appear that that was proper, that they are entitled to satisfaction if they paid 150 percent, regardless of what my order was. And it didn't correct the order, and you didn't ask it to change it. And I don't believe it was necessary. Okay. Thank you. Okay. Thank you, Your Honors. Thank you. Rebuttal? Unless Your Honors have questions, I press it on Arbery's. Thank you. We thank both counsel for your helpful arguments. The case just argued is submitted. That concludes our argument calendar for this morning, and we're adjourned. Time to start the week.
judges: Farris, Clifton, Ikuta